MORGAN, LEWIS & BOCKIUS LLP
Brent A. Hawkins, CA Bar No. 314266
brent.hawkins@morganlewis.com
One Market
Spear Street Tower
San Francisco, CA  94105-1596
Tel:   +1.415.442.1000
Fax:   +1.415.442.1001

Aliza R. Karetnick, *pro hac vice*
aliza.karetnick@morganlewis.com
2222 Market Street
Philadelphia, PA 19103
Tel:   +1.215.963.5000
Fax:   +1.215.963.5001

Adam D. Teitcher, CA Bar No. 313980
adam.teitcher@morganlewis.com
600 Anton Boulevard, Suite 1800
Costa Mesa, CA 92626-7653
Tel:   +1.714.830.0600
Fax:   +1.714.830.0700

*Attorneys for Manus Bio Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| Sweegen, Inc.,<br><br>                    Plaintiff,<br><br>          vs.<br><br>Manus Bio, Inc.,<br><br>                    Defendant. | 8:24-cv-01757-JVS (DFMx)<br>consolidated with<br>8:24-cv-01921-JVS (DFMx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Judge:          Hon. James V. Selna<br>Courtroom:   10C |

A. PURPOSES AND LIMITATIONS

Discovery in this Action and any efforts by the parties to resolve this Action are likely to involve production of confidential, proprietary, trade secret and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or attempting to resolve this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The Parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 11.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal

B. GOOD CAUSE STATEMENT

This Action is likely to involve claims of trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this Action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

2

STIPULATED PROTECTIVE ORDER
CASE NO 8:24-CV-01757-JVS (DFM)

discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

1.    DEFINITIONS

    1.1    <u>Action</u>:    these consolidated pending federal lawsuits in the Central District of California, entitled *Sweegen, Inc. v. Manus Bio Inc.* and *Manus Bio Inc. v. Sweegen, Inc.*, Case No. 8:24-cv-01757-JVS (DFM).

    1.2    <u>Challenging Party</u>:    a Party that challenges the designation of information or items under this Stipulated Protective Order.

    1.3    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored, marked or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

    1.4    <u>Designating Party</u>:    a Party or Non-Party that designates information or items that it produces in disclosures or in response to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

    1.5    <u>Disclosure or Discovery Material</u>:    all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures, depositions, or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

3

STIPULATED PROTECTIVE ORDER
CASE NO 8:24-CV-01757-JVS (DFM)

responses to discovery in this matter or that is exchanged in the course of any case resolution efforts.

1.6 <u>Expert</u>: a person engaged because of specialized knowledge or experience in a matter pertinent to the litigation, along with his or her employees and support personnel, and who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

1.7 <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: "CONFIDENTIAL" Information or Items that contain information sufficiently sensitive that the Designating Party reasonably and in good faith believes its disclosure to another Party, for use in connection with this litigation and notwithstanding this protective order, or Non-Party would create a substantial risk of monetary or non-monetary injury (including, for example, competitive or commercial disadvantage), to the Designating Party or its employees, customers, or clients.

1.8 <u>In-House Counsel</u>: attorneys who are employees of a party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

1.9 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

1.10 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

1.11 <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, Experts, and Outside Counsel of Record (and their support staffs).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

4

STIPULATED PROTECTIVE ORDER
CASE NO 8:24-CV-01757-JVS (DFM)

1.12   <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

1.13   <u>Professional Vendors</u>:  persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

1.14   <u>Protected Material</u>:

(a)   Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(b)   Any information that a party believes in good faith to be subject to federal, state, or foreign Data Protection Laws or other privacy obligations. Protected Material constitutes highly sensitive materials requiring special protection. Examples of such Data Protection Laws include, without limitation, The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information); The Health Insurance Portability and Accountability Act and the regulations thereunder (HIPAA), 45 CFR Part 160 and Subparts A and E of Part 164 (medical information); Fair Credit Reporting Act (FCRA), 15 USC § 1681 et seq. (financial information); Electronic Communications Privacy Act of 1986, 18 U.S.C. § 2511 (private communication); Genetic Information Non-discrimination Act of 2008 (GINA) (biometric information); the California Consumer Privacy Act (CCPA); The Personal Data Protection Law, No. 29733 (Peru).

1.15   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

5

STIPULATED PROTECTIVE ORDER
CASE NO 8:24-CV-01757-JVS (DFM)

2.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, notes, memoranda, or presentations by Parties or their Counsel that might reveal Protected Material.  Any use of Protected Material at trial shall be governed by a separate agreement or order. Nothing in this Stipulated Protective Order shall prevent a Producing Party from any use of its own documents and information.

3.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

4.    DESIGNATING PROTECTED MATERIAL

4.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that the Designating Party believes in good faith qualifies for protection from public disclosure under applicable legal or equitable principles.  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

6

STIPULATED PROTECTIVE ORDER
CASE NO 8:24-CV-01757-JVS (DFM)

promptly notify all other Parties that it is withdrawing the mistaken designation.

4.2    Manner and Timing of Designations.  Except as otherwise provided in this Stipulated Protective Order (*see, e.g.,* second paragraph of section 4.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Stipulated Protective Order requires:

(a)    for information in documentary form (*e.g.,* paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to the bottom each document that contains protected material or, in the case of an electronic document that is produced in native form or is impracticable to produce in a form with the affixed legend, by placing the legend on a placeholder document bearing the document's production number, and by adding the designation or a reasonably clear abbreviation of the designation ("CONFID" for CONFIDENTIAL and "HC–AEO" for HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY are acceptable)  in the file name itself. A Receiving Party shall exercise good faith efforts to ensure that any copies or printouts of natively produced documents or data, and any translations, excerpts, summaries, or compilations of such native documents or data, include a confidentiality legend that matches the confidentiality designation the Designating Party applied to the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

7

STIPULATED PROTECTIVE ORDER
CASE NO 8:24-CV-01757-JVS (DFM)

1    natively produced documents or data.  A Party or Non-Party that
2    makes original documents or materials available for inspection
3    need not designate them for protection until after the inspecting
4    Party has indicated which material it would like copied and
5    produced.  During the inspection and before the designation, all
6    the material made available for inspection shall be deemed
7    "CONFIDENTIAL"  or  "HIGHLY  CONFIDENTIAL  –
8    ATTORNEYS' EYES ONLY." After the inspecting Party has
9    identified the documents or things it wants copied and produced,
10   the Producing Party must determine which documents qualify for
11   protection under this Stipulated Protective Order.  Then, before
12   producing the specified documents, the Producing Party must
13   affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
14   ATTORNEYS' EYES ONLY" legend as specified above.

15   (b)   for testimony given in deposition or in other pretrial or trial
16         proceedings, that the Designating Party may, before the close of
17         the deposition, hearing, or other proceeding, invoke the right to
18         make confidentiality designations after the preparation of the
19         final transcript.  For such testimony: (i) the Designating Party
20         shall, within 14 days after receipt of a final transcript, identify the
21         specific portions of the testimony as to which protection is sought
22         and specify the level of protection being asserted by notifying the
23         court reporter and all Parties, in writing; (ii) the entire transcript
24         shall  be  treated  as  "CONFIDENTIAL"  or  "HIGHLY
25         CONFIDENTIAL – ATTORNEYS' EYES ONLY" (whichever
26         is specified by the Designating Party) for 14 days after receipt of
27         the final transcript or until the Designating Party provides his, her,
28         or its designations, whichever occurs sooner; and (iii) after

conclusion of the designation period provided in (ii), only those portions of the testimony that are appropriately and timely designated for protection shall be covered by the provisions of this Stipulated Protective Order

(c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

4.3    Inadvertent Failures to Designate. If corrected within a reasonable time, an inadvertent failure to designate qualified information or items shall not be deemed a waiver of the Designating Party's right to secure protection under this Stipulated Protective Order for such material. A Party may correct an inadvertent failure to designate by supplemental written notice, provided that at the time of designation the material must still qualify under this Stipulated Protective Order and applicable legal principles for the protection designated. The Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

4.4    Designations Prior to Entry of Protective Order. If the Parties have produced any Disclosure or Discovery Material to each other designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" prior to and in anticipation of the entry of this Stipulated Protective Order, and have been maintaining such designated Disclosure or Discovery Material on an attorney's eyes only basis pending the entry

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

9

STIPULATED PROTECTIVE ORDER
CASE NO 8:24-CV-01757-JVS (DFM)

of this Stipulated Protective Order, it shall be treated as Confidential or Highly Confidential (and not be disclosed to unauthorized individuals). Following the entry of this Stipulated Protective Order, such Disclosure or Discovery material shall be governed by the terms of this Stipulated Protective Order as though it were in place at the time of its production.

5.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

5.1    Timing of Challenges.  Any Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

5.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 *et seq.*

5.3    The burden of persuasion in any such challenge proceeding shall be on the Challenging Party.  Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

6.    ACCESS TO AND USE OF PROTECTED MATERIAL

6.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 12 below (FINAL DISPOSITION).  Protected Material must be stored and

maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

6.2    Disclosure of "CONFIDENTIAL" Information or Items.    Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as **Exhibit A**;

(b)    the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**);

(c)    Experts (as defined in this Stipulated Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**);

(d)    the Court and its personnel;

(e)    court reporters stenographers, or video operators and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(f)    during their depositions, witnesses in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**),

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

11

STIPULATED PROTECTIVE ORDER
CASE NO 8:24-CV-01757-JVS (DFM)

1  unless otherwise agreed by the Designating Party or ordered by

2  the court.  Pages of transcribed deposition testimony or exhibits

3  to depositions that reveal Protected Material must be separately

4  bound by the court reporter and may not be disclosed to anyone

5  except as permitted under this Stipulated Protective Order.

6  (g)  the author or recipient of a document containing the information,

7  a custodian or other person who otherwise possessed or knew the

8  information, or, provided he or she signs **Exhibit A**, any other

9  person whom counsel in good faith believes to have knowledge

10  of the matters contained in the designated material;

11  (h)  special masters, mediators, or other third-parties retained by the

12  Parties for settlement purposes or resolution of discovery disputes

13  or mediation; and

14  (i)  any other person the Producing Party agrees to in writing.

15  6.3  Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

16  ONLY" Information or Items.  No documents or information designated

17  as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall

18  be disclosed to any third party, except by written stipulation of the

19  Parties, by order of the Court, or as otherwise provided herein. Unless

20  otherwise ordered by the Court or permitted in writing by the

21  Designating Party, a Receiving Party may disclose any information or

22  items designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

23  ONLY" only to:

24  (a)  the Receiving Party's Outside Counsel of Record in this Action,

25  as well as employees of said Outside Counsel of Record to whom

26  it is reasonably necessary to disclose the information for this

27  Action;

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

12

STIPULATED PROTECTIVE ORDER
CASE NO 8:24-CV-01757-JVS (DFM)

(b)   Experts of the Receiving Party who have signed the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**);

(c)   the Court and its personnel;

(d)   court reporters, stenographers, or video operators and their staff engaged to record proceedings in this Action who have signed the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**);

(e)   Professional Vendors, professional jury or trial consultants and mock jurors or arbitrators to whom disclosure is reasonably necessary for this Action;

(f)   the author or recipient of a document containing the information, a custodian or other person who otherwise possessed or knew the information, or, provided he or she signs **Exhibit A**, any other person whom counsel in good faith believes to have knowledge of the matters contained in the designated material;

(g)   special masters, mediators, or other third-parties retained by the parties for settlement purposes or resolution of discovery disputes or mediation; and

(h)   any other person that the Producing Party agrees to in writing.

6.4   Unauthorized Use and Disclosure.  Protected Material shall be held in strict confidence by each of the authorized persons and shall be used or disclosed solely for the prosecution or defense of this Action (including any court proceedings between the Parties to confirm, vacate, or modify any final award) and for no other purposes. The persons identified in Sections 6.2 and 6.3 above shall not disclose CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items or discuss the content thereof with anyone other than the authorized persons without the prior written consent of counsel for the Designating Party, and shall not use such information for any

purpose other than this Action. If any Party determines that disclosure of Protected Material to other third parties is necessary or appropriate, such Party shall request the modification of this Stipulated Protective Order to permit such additional disclosure or make application to the Court for relief.

7.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

    (a)   promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

    (b)   promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

    (c)   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

14

STIPULATED PROTECTIVE ORDER
CASE NO 8:24-CV-01757-JVS (DFM)

1   to disobey a lawful directive from another court, law enforcement or government

2   agency.

3   8.      A   NON-PARTY'S   PROTECTED   MATERIAL   SOUGHT   TO   BE

4          PRODUCED IN THIS LITIGATION

5          8.1    The terms of this Stipulated Protective Order are applicable to

6                 information produced by a Non-Party in this Action and designated as

7                 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

8                 EYES ONLY" by any person whose interests are implicated.  Such

9                 information produced by Non-Parties in connection with this litigation

10                 is protected by the remedies and relief provided by this Stipulated

11                 Protective Order.  Nothing in these provisions should be construed as

12                 prohibiting a Non-Party from seeking additional protections.

13          8.2    In the event that a Party is required, by a valid discovery request, to

14                 produce a Non-Party's confidential information in its possession, and

15                 the Party is subject to an agreement with the Non-Party not to produce

16                 the Non-Party's confidential information, then the Party shall:

17                 (a)    promptly notify in writing the Requesting Party and the Non-

18                        Party that some or all of the information requested is subject to a

19                        confidentiality agreement with a Non-Party;

20                 (b)    promptly provide the Non-Party with a copy of the Stipulated

21                        Protective Order in this litigation, the relevant discovery

22                        request(s), and a reasonably specific description of the

23                        information requested; and

24                 (c)    make the information requested available for inspection by the

25                        Non-Party.

26          8.3    If the Non-Party fails to object or seek a protective order from this court

27                 within 14 days of receiving the notice and accompanying information,

28                 the Receiving Party may produce the Non-Party's confidential

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

15

STIPULATED PROTECTIVE ORDER
CASE NO 8:24-CV-01757-JVS (DFM)

information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as **Exhibit A**.

10.    PRODUCTION OF PRIVILEGED MATERIAL

10.1    No Waiver by Disclosure.  This order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. Subject to the provisions of this Stipulation, if a Party (the "Disclosing Party") discloses information in connection with this Action that the Disclosing Party thereafter claims to be privileged or protected by the attorney-client privilege or work product protection ("Privileged Information"), the disclosure of that Privileged Information will not constitute or be deemed a waiver or forfeiture—in this or any other federal or state action or proceeding—of any claim of privilege or work-product protection that the Disclosing

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

16

STIPULATED PROTECTIVE ORDER
CASE NO 8:24-CV-01757-JVS (DFM)

1   Party would otherwise be entitled to assert with respect to the Privileged

2   Information and its subject matter.

3   10.2   Notification Requirements; Best Efforts of Receiving Party.   A

4   Disclosing Party must promptly notify the Party receiving the Privileged

5   Information ("the Receiving Party"), in writing, that it has disclosed that

6   Privileged Information without intending a waiver by the disclosure and

7   explain why the Protected Information is privileged.   Upon such

8   notification, the Receiving Party must cease reviewing, disseminating,

9   or using the Privileged Information.   Unless it contests the claim of

10   attorney-client privilege or work product protection in accordance with

11   Section 10.3, the Receiving Party must promptly (a) notify the

12   Disclosing Party that it will make best efforts to identify and return,

13   sequester, or destroy (or in the case of electronically stored information,

14   delete) the Privileged Information and any reasonably accessible copies

15   it has, and (b) provide written certification that it will cease further

16   review, dissemination, and use of the Privileged Information.   If the

17   Disclosing Party wishes to remove files or metadata from a production

18   deliverable, it shall provide an overlay production to replace any

19   affected deliverables.

20   10.3   Contesting Claim of Privilege or Work Product Protection.   If the

21   Receiving Party contests the claim of attorney-client privilege or work-

22   product protection, the Receiving Party must first meet and confer with

23   the Disclosing Party pursuant to the Stipulated Protective Order.  If the

24   Parties reach an impasse following the meet and confer, the Parties shall

25   submit a joint letter to the Court outlining the dispute (a "Privilege

26   Disclosure Letter").   The Privilege Disclosure Letter must not assert as

27   a ground for compelling disclosure the fact or circumstances of the

28   production to the Receiving Party.  Pending resolution of the Privilege

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

17

STIPULATED PROTECTIVE ORDER
CASE NO 8:24-CV-01757-JVS (DFM)

Disclosure Letter, the Receiving Party must not use the challenged information in any way and must not disclose the challenged information to any person or use the challenged information.

10.4    Attorney's Ethical Responsibilities.    Nothing in this Stipulated Protective Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged or otherwise protected and to inform the Disclosing Party that such materials have been produced.

10.5    Burden of Proving Privilege or Work-Product Protection.    The Disclosing Party retains the burden—upon challenge pursuant to Section 10.3—of establishing the privileged or protected nature of the Protected Information.

10.6    *In Camera* Review.  Nothing in this Stipulated Protective Order limits the right of any Party to petition the Court for an *in camera* review of the Privileged Information.

10.7    Voluntary and Subject Matter Waiver.  This Stipulated Protective Order does not preclude a Party from voluntarily waiving the attorney-client privilege or work product protection.  The provisions of Federal Rule 503(a) apply when the Disclosing Party uses or indicates that it may use information produced under this Stipulated Protective Order to support a claim or defense.

10.8    Review.  Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness or segregation of privileged or protected information before production.  Further nothing contained herein is intended to reduce the time frame provided to the Disclosing Party to complete their review should they choose to do so.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

18

STIPULATED PROTECTIVE ORDER
CASE NO 8:24-CV-01757-JVS (DFM)

10.9   Proportionality.  Nothing contained herein is intended to limit a Party's proportionality and burden arguments specifically related to the costs to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness or segregation of privileged or protected information before production.

11.   MISCELLANEOUS

11.1   Right to Further Relief.  Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the court in the future.

11.2   Right to Assert Other Objections.  By stipulating to the entry of this Stipulated Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

11.3   Filing Protected Material.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

19

STIPULATED PROTECTIVE ORDER
CASE NO 8:24-CV-01757-JVS (DFM)

1    Receiving Party may file the information in the public record pursuant

2    to Civil Local Rule 79-5 unless otherwise instructed by the court.

11.4  Right to Supplement or Request Deletion.  If during the course of litigation, a data subject with privacy rights pursuant to the Data Protection Laws identified herein exercises his or her right to erasure of personal data contained within the previously produced Protected Material, the Producing Party shall furnish newly redacted versions of the Protected Material within a reasonable time.  The Requesting Party will promptly destroy the original version of the Protected Material and replace it with the redacted version.  The Producing Party may also require the entire document destroyed and replaced with a slip-sheet indicating the Protected Material is subject to erasure pursuant to the applicable Data Protection Law.

11.5  Personally identifiable information that a party has designated as Protected Material as defined herein, based on its good faith belief that the information is subject to federal, state, or foreign Data Protection Laws, data privacy laws, or other privacy obligations, or any of the information contained therein, shall be handled by Counsel for the Receiving Party with the highest care.

11.6  Parties Bound.  The undersigned Outside Counsel of Record represent that they are authorized to execute and stipulate to entry of this Stipulated Protective Order on behalf of their respective clients.  Each person employed by any Party hereto or their counsel to whom disclosure is made of any Protected Material shall be bound by the terms of this Stipulated Protective Order.

11.7  Enforcement.  The Court shall have the authority to enforce the provisions of this Stipulated Protective Order as part of the litigation. Any person or entity that violates the terms of this Stipulated Protective

Order shall be subject to proceedings before the Court for the purposes of appropriate sanctions or other remedies, and the Court shall have continuing jurisdiction to resolve any controversy regarding enforcement of, or claims of violation of, this Stipulated Protective Order after issuance of the final judgment.

11.8   Modification.   This Stipulated Protective Order may be modified or amended either by written agreement of the Parties or by order of the Court upon good cause shown.

11.9   No Waiver.  Nothing contained herein shall be deemed a waiver of:

(a)   any Party's or third party's right to object to any discovery requests on any ground, including on relevance, proportionality, or burden;

(b)   any Party's right to seek an order compelling discovery with respect to any discovery request;

(c)   any Party's right to object to the admission of any evidence on any ground in this Action;

(d)   any Party's or third party's use and review of its own documents and its own Protected Material in its sole and complete discretion; or

(e)   the status of any material as a trade secret.

12.   FINAL DISPOSITION

Within 60 days after the final disposition of this Action, as defined in Section 3, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

21

STIPULATED PROTECTIVE ORDER
CASE NO 8:24-CV-01757-JVS (DFM)

deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Outside Counsel of Record are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 3 (DURATION).

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**.

DATED:  4/7/25          /s/ Felix T. Woo
                        Attorney for Plaintiff

DATED:  4/7/25          /s/ Brent A. Hawkins
                        Attorney for Defendant

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: April 10, 2025

Honorable Douglas F. McCormick
United States Magistrate Judge

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Manus Bio Inc. v. Sweegen, Inc.*, Case No. 8:24-cv-01757-JVS (DFM). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

23

STIPULATED PROTECTIVE ORDER
CASE NO 8:24-CV-01757-JVS (DFM)